[No. 19703.  Department Two.  March 29, 1926.]

TOWN OF TENINO, *Respondent,* v. CHARLES HYDE,
*Appellant.*[1]

[1] INTOXICATING LIQUORS (29-1)—OFFENSES — ELEMENTS — DRIVING
CAR WHILE INTOXICATED.  In a prosecution for driving a car
while intoxicated, the fact that the car was moved only a few
feet, does not justify a holding, as a matter of law, that the
accused in control was not "driving" the car.

[2] SAME (29-1)—OFFENSES—DRIVING CAR WHILE INTOXICATED—IN-
STRUCTIONS.  In a prosecution for driving a car while intoxicated,
it is not error to refuse an instruction as to what constituted
intoxication, where the accused admitted that he was "drunk,"
and there was no dispute in the evidence as to that fact.

[3] SAME (29-1)—DRIVING CAR WHILE INTOXICATED—COMPLAINT.  A
complaint sufficiently charges the violation of an ordinance pro-
hibiting an intoxicated person from driving a vehicle upon any
public street, where it charges that accused committed the
offense of driving an automobile while drunk in and through
the streets, contrary to the ordinance in question.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered November 16,
1925, upon a trial and conviction of driving an automo-
bile while intoxicated.  Affirmed.

*P. C. Kibbe,* for appellant.

*T. F. Mentzer,* for respondent.

MAIN, J.—The defendant was charged by complaint
in the police court with violating an ordinance of the
town of Tenino, in that he drove an automobile while
intoxicated.  The trial resulted in a judgment of con-
viction.  From this, an appeal was taken to the su-
perior court.  There the trial was to the court and a
jury, and resulted in a verdict of guilty as charged.
After a motion for new trial had been made and over-
ruled, a judgment was entered imposing a fine upon

[1]Reported in 244 Pac. 550.

the defendant of $50, and requiring him to pay the costs. From this judgment, he appeals.

The complaint charges that the offense was committed on the evening of May 28, 1925, at about seven o'clock. The appellant had parked his automobile near the curb on one of the streets of Tenino. Just prior to the time of the driving of the automobile, the appellant met in a pool hall nearby one John Kitchen and requested him to drive his automobile home for him. The two left the pool hall together and entered the automobile. The evidence as to just what then happened is in dispute. The evidence of the respondent, if believed by the jury, would show that the two parties named were in the front seat of the automobile, the appellant being at the wheel; that the car was moved back a little and then forward twelve or fifteen feet when, at the request of the officer who had approached, it was stopped. From the evidence offered by the respondent, the jury had a right to find that the appellant was at the wheel and in control of the car. If the evidence offered by and on behalf of the appellant correctly presents the situation, then Kitchen was at the wheel and in control of the car.

[1] The appellant first argues that there was not evidence to justify the finding of the jury that the appellant was driving the car or in control thereof. As stated, the testimony was in conflict upon this question and was for the jury. The fact that the automobile only moved a few feet would not justify a holding, as a matter of law, that the appellant was not driving.

[2] The appellant also complains of the refusal of the trial court to give requested instructions defining drunkenness and intoxication. The court told the jury that, if the appellant drove the automobile while drunk,

that would constitute an offense prohibited by the ordinance under which the prosecution was brought. The witness for the respondent testified that the appellant was drunk or intoxicated. The witnesses for the appellant did not deny this, but their evidence was to the effect that he did not drive the car. There was no issue in the case over whether the appellant was drunk or intoxicated. In fact the evidence offered by himself would tend to show this. What kind of an instruction should have been given, had the evidence on the matter of intoxication been in conflict, is not involved in this case, and no opinion is expressed thereon.

[3] The appellant further contends that the complaint on which he was tried does not charge a crime. The ordinance provided that ''It shall be unlawful for any intoxicated person to drive any animal or vehicle upon any public street, alley or public place.'' The complaint charged in a somewhat awkward manner, it must be admitted, that the appellant committed the offense of driving an automobile while drunk in and through the streets of Tenino contrary to ordinance number 76 of that town, which is the one above referred to. The complaint was sufficient to charge the offense.

There are a number of other questions argued in the appellant's brief and, while we have considered these, we do not deem them of sufficient merit to justify their discussion here in detail. In none of them is there substantial merit.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.